```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

JAMES R. THOMAS, JR. and        *
SABRINA R. THOMAS,
                                *
   Plaintiffs,
                                *
vs.                                  CASE NO. 4:14-CV-9 (CDL)
                                *
CHATTAHOOCHEE JUDICIAL CIRCUIT,
*et al.*,                       *

   Defendants.                  *

O R D E R

Plaintiffs James R. Thomas, Jr. and Sabrina R. Thomas allege that superior court judges in the Chattahoochee Judicial Circuit conspired with others to deprive Plaintiffs of certain protected rights. Compl. ¶¶ 14, 16 (ECF No. 1). Plaintiffs now assert that the undersigned and Magistrate Judge Stephen Hyles should be disqualified from this proceeding under 28 U.S.C. §§ 455(a), (b)(1), and (b)(2). For the reasons set forth below, Plaintiffs' Motion for Recusal (ECF No. 17) is denied.

First, Plaintiffs contend that the Court showed "pervasive bias in denying" Plaintiffs' petition to proceed *in forma pauperis*, so the undersigned and Judge Hyles should be disqualified under 28 U.S.C. § 455(a). That section requires a judge to "disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." As Plaintiffs acknowledge, though, "as a general rule, a judge's rulings in the same case are not valid grounds for recusal." Pl.'s Mot. for Recusal 2, ECF No. 17; *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). While the Court's prior rulings in this case may have been "proper grounds for appeal," they do not warrant recusal. *Liteky*, 510 U.S. at 555.

Second, Plaintiffs argue that both the undersigned and Judge Hyles have a bias in favor of the Defendants in this case and should be disqualified under both 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1). This argument is based on the fact that the undersigned and Judge Hyles practiced law in the Chattahoochee Judicial Circuit before the alleged conduct giving rise to this action began in late 2011. Specifically, the undersigned practiced law in the Chattahoochee Judicial Circuit until December 2001, and Judge Hyles practiced law in the Chattahoochee Judicial Circuit until December 2008 and served as judge of the Columbus Municipal Court from December 2008 until June 2010.

"[R]ecusal under § 455(a) turns on whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would

2

entertain a significant doubt about the judge's impartiality." *In re Moody*, 755 F.3d 891, 894 (2014) (per curiam) (internal quotation marks omitted). And 28 U.S.C. § 455(b)(1) requires a judge to disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Plaintiffs speculate that the undersigned and Judge Hyles "might have participate [sic] in the very conduct that the Thomases allege in their complaint." Mot. for Recusal 5. But "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Moody*, 755 F.3d at 895 (internal quotation marks omitted). Recusal is not warranted simply because the undersigned practiced law in the Chattahoochee Judicial Circuit until a decade before the alleged conduct giving rise to Plaintiffs' Complaint occurred. Recusal is also not warranted based on the mere fact that Judge Hyles practiced law in the Chattahoochee Judicial Circuit until 2008 and served as a municipal court judge in Columbus until 2010.

Finally, Plaintiffs argue that recusal is necessary under 28 U.S.C. § 455(b)(2), which requires a judge to disqualify himself if "the judge . . . has been a material witness concerning" the case. Plaintiffs speculate that because the undersigned practiced law in the Chattahoochee Judicial Circuit

3

until December 2001 and because Judge Hyles practiced law in the Chattahoochee Judicial Circuit until December 2008 and served as judge of the Columbus Municipal Court from December of 2008 until June of 2010, the undersigned and Judge Hyles are "potential witnesses" in this case. Such speculation does not establish that either the undersigned or Judge Hyles is a material witness in this case, so recusal under 28 U.S.C. § 455(b)(2) is unwarranted.

For the foregoing reasons, Plaintiffs' Motion for Recusal (ECF No. 17) is denied.

IT IS SO ORDERED, this 29th day of September, 2014.

                                    S/Clay D. Land
                                          CLAY D. LAND
                               UNITED STATES DISTRICT JUDGE