IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES R. THOMAS, JR., SABRINA R. THOMAS, | : : : |
| Plaintiffs, | : : |
| v. | : CASE NO. 4:14-CV-9-CDL-MSH : |
| CHATTAHOOCHEE JUDICIAL CIRCUIT, *et al.,* | : : : |
| Defendants. | : : |

**ORDER GRANTING IFP
AND REPORT AND RECOMMENDATION**

Plaintiffs James and Sabrina Thomas bring this action against Defendants Chattahoochee Judicial Circuit, Georgia Governor Nathan Deal, Georgia Attorney General Samuel Olens, Clerk of the Superior Court of Chattahoochee County Laura Marion, Kia Autosport of Columbus, Inc. ("Kia Autosport"), Rogers, Towers, Bailey, Jones & Gay, SunTrust Bank, The Firm of Dickenson Gilroy, LLC, and unnamed John and Jane Does. (Compl. 1, ECF No. 1). Along with the filing of his Complaint, Plaintiffs moved for leave to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2). The Court denied Plaintiffs' motion to proceed IFP on January 8, 2014 (ECF No. 4), which denial was vacated and remanded by the Eleventh Circuit Court of Appeals on September 9, 2014 (ECF No. 16).[1] For the reasons discussed below, Plaintiffs' renewed

---

[1] The Eleventh Circuit's opinion remanded the case "for proceedings consistent with this opinion, including, if appropriate, review for whether the Thomases' complaint is frivolous or

motion to proceed IFP (ECF No. 18) is granted. Since the Court is granting Plaintiffs' motion to proceed IFP, the Court has reviewed Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends dismissal of Plaintiffs' claims.

## BACKGROUND

Plaintiffs' Complaint purports to allege violations of their constitutional rights under 42 U.S.C. § 1983 and various Georgia state laws. Although rambling and sometimes inconsistent, it appears that the crux of Plaintiffs' Complaint centers around the handling of a civil action brought by Plaintiffs against SunTrust Bank and Kia Autosport in the Superior Court of Chattahoochee County.

Plaintiffs purchased a vehicle from Kia Autosport in September 2009. (*See* Pls.' Aff., Ex. 23A-D, ECF No. 1-2.) Soon after their purchase, Plaintiffs apparently found that they could not afford the down payment or monthly payments and attempted to return the vehicle to Kia Autosport, but were refused. (*Id.*) Plaintiffs also concluded that Kia Autosport had changed the information that Plaintiffs had provided in their credit application so that they would be approved for the car loan. (*Id.*) Plaintiffs claim that at some point, SunTrust Bank, the lender on the car loan, called them and stated that it was a crime to make fraudulent statements on a credit application, which perceived threat allegedly caused mental anguish and the exacerbation of both of Plaintiffs' physical ailments. (*Id.*) Eventually, the car was repossessed and Plaintiffs filed a lawsuit against both Kia Autosport and SunTrust Bank for fraud, identity theft, and civil conspiracy in

---

fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)." The Court, therefore, has conducted the review contained herein.

the Superior Court of Chattahoochee County.  (*Id.*)

Plaintiffs' Complaint then describes their understanding of the actions taken by the Superior Court with regard to that lawsuit.  Plaintiffs state that the judges of the Chattahoochee Judicial Circuit ("CJC") violated Plaintiffs' rights in the handling of that case.  They allege, without factual support, that a conspiracy was undertaken in which Superior Court Judge Frank J. Jordan, Jr. allied with court staff and the attorneys for Kia Autosport and SunTrust Bank to knowingly and maliciously deprive Plaintiffs of their "Protected Rights" in the proper consideration of their case, and that the other judges of the CJC allowed Judge Jordan to do so.  Finally, Plaintiffs allege that they brought their complaints about the case to the attention of Governor Deal and Attorney General Olens, but both abdicated their responsibilities under the Georgia Constitution by failing to do anything about the injustice committed against them.

Plaintiffs seek millions of dollars in compensatory and punitive damages against all Defendants and also seek declaratory and permanent injunctive relief to remedy the violation of their "Protected Rights."

## DISCUSSION

### I.   Motion to Proceed IFP

Plaintiffs move to proceed in this action IFP.  (ECF No. 18.)  Title 28, Section 1915 of the United States Code provides that a court may authorize a person who is unable to pay court fees to proceed in her action so long as that person is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies

to all persons requesting leave to proceed IFP"). Plaintiffs have established that they are indigent for the purpose of 28 U.S.C. § 1915. Therefore, their motion to proceed IFP is granted.

## II.     Review pursuant to 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (internal quotation marks and citation omitted). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Here, Plaintiffs have brought this action alleging violations of 42 U.S.C. § 1983 and state laws. However, the Court is unable to find any factual allegations that could be construed as sufficient to state a claim for a violation of the United States Constitution. At best, Plaintiffs have alleged violations of state law, over which this Court has no jurisdiction without an accompanying cause of action arising under the Constitution or federal law. "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Plaintiffs frequently state in their Complaint that actions by Defendants "deprive[d] the Thomases' [sic] of their 'Protected Rights' in violation of 42 U.S.C. § 1983." (Compl. 18.) These "Protected Rights" are "rights to access the court; to be heard by an impartial judicial officer; liberty and property interests in procedural, substantive due process and equal protection; the right to be protected against state-created dangers," all of which are supposedly "secured and guarantee[d] by the 14th Amendment to the United States Constitution and [various provisions of] the State of Georgia Constitution." (*Id.* at 4-5.) Plaintiffs conclusory statements that the actions of Defendants violated their rights, however, are not factual allegations but merely legal conclusions. Plaintiffs give no factual support for their conclusions that some widespread conspiracy was undertaken by all of the judges of the CJC, the court staff, and the attorneys representing Kia Autosport and SunTrust Bank to deprive Plaintiffs of their access to the courts or any of the other supposed Fourteenth Amendment rights Plaintiffs allege were violated. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

The "facts" that Plaintiffs frequently cite come from the short snippet of transcript from one hearing, the court's scheduling orders, and some letters from opposing counsel in their state court case, none of which support their conclusion.[2] The hearing transcript

---

[2] For the purposes of this review, the Court considers the allegations contained in the body of Plaintiffs' Complaint along with the exhibits attached thereto. Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes. *Solis–Ramirez v. U.S. Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir. 1985).

does not show, as Plaintiffs contend, that there "was no need for words between Judge Jordan and [Kia Autosport's counsel] Ms. Lange, because they were already on the same mind link, and the only link was the Conspiracy." (Compl. 13.) Instead, the hearing transcript shows that Judge Jordan stated his understanding of the other defendant's position on the issue being raised at that hearing and Ms. Lange responded that she agreed with his interpretation and then pointed out some case law in support of her motion to compel arbitration. (Compl. Ex. 8B at 13, ECF No. 1-2.) This shows a typical exchange between the court and counsel, not a clear conspiracy to deprive Plaintiffs of their access to the court. Furthermore, the other exhibits show typical communications between defense counsel and a pro se litigant and between defense counsel and the court in a matter in which the court has compelled arbitration and stayed discovery. (*See Id.* at Ex. 9-12B at 19-24.) Plaintiffs' conclusions are pure conjecture that some improper agreement was made, apparently based upon Plaintiffs' misunderstanding of the procedures of the court and their disagreement with the rulings made. Plaintiffs have simply failed to state any factual allegations supporting the broad conspiracy that they allege deprived them of their constitutional rights.

Plaintiffs further allege that Governor Deal and Attorney General Olens discriminated against them due to their race, but again give no factual support for this contention other than to state that both men are white and Plaintiffs are black. (*Id.* at 18.) Furthermore, Plaintiffs allegations against Governor Deal and Attorney General Olens are based upon their alleged failure to fulfill the constitutional duties of their state offices, which would not stem from violations of the federal Constitution or federal law, and thus

6

not support a § 1983 claim.

Consequently, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 and the Court does not have supplemental jurisdiction to hear the claims brought alleging state law violations. "Under 28 U.S.C. § 1367(c), a district court has the discretion to decline to exercise supplemental jurisdiction over pending state law claims if the district court has dismissed all federal claims prior to trial." *Bus. Realty Inv. Co. v. Insituform Techs., Inc.*, 564 F. App'x 954, 957 (11th Cir. 2014). The Complaint should therefore be dismissed under 28 U.S.C. § 1915(e).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 18) is granted. Furthermore, it is recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 2nd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE