IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JAMES R. THOMAS, JR., <br> SABRINA R. THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> CHATTAHOOCHEE JUDICIAL CIRCUIT, *et al.,* <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> CASE NO. 4:14-CV-9-CDL-MSH <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER AND RECOMMENDATION

On October 17, 2014, the Court issued an Order (ECF No. 25) adopting the Report and Recommendation (ECF No. 20) recommending dismissal of Plaintiffs' action, but directed the undersigned to review Plaintiffs' Amended Complaint (ECF No. 23)[1] and issue a new Report and Recommendation thereon. Subsequently, Plaintiffs filed a second motion for recusal (ECF No. 26) and a motion to stay proceedings pending the determination of a petition for writ of mandamus filed in the Eleventh Circuit Court of Appeals (ECF No. 27). For the reasons discussed below, Plaintiffs motion to stay proceedings is denied, and it is recommended that their motion for recusal be denied.

In their Amended Complaint, Plaintiffs James and Sabrina Thomas assert claims against Defendants Chattahoochee Judicial Circuit ("CJC"), Georgia Governor Nathan Deal, Georgia Attorney General Samuel Olens, Clerk of the Superior Court of

---

[1] Plaintiffs' motion to amend is hereby granted.

Chattahoochee County Laura Marion, Kia Autosport of Columbus, Inc. ("Kia Autosport"), Rogers, Towers, Bailey, Jones & Gay, SunTrust Bank, The Firm of Dickenson Gilroy, LLC, and unnamed John and Jane Does.  (Am. Compl. 1.)  The undersigned has reviewed Plaintiffs' Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends dismissal of Plaintiffs' claims.

## BACKGROUND

Plaintiffs' Amended Complaint realleges violations of their constitutional rights under 42 U.S.C. § 1983 and various Georgia state laws.  Like the original Complaint, Plaintiff's Amended Complaint arises out of a civil action brought by Plaintiffs against SunTrust Bank and Kia Autosport in the Superior Court of Chattahoochee County.  A full description of the background claim leading to this action is laid out in the undersigned's first Report and Recommendation in this case (Report & Recommendation 2-3, ECF No. 20).

Plaintiffs' Amended Complaint details their understanding of the actions taken by the Superior Court with regard to that lawsuit.  They reallege, without providing any factual support, that a conspiracy was undertaken in which Superior Court Judge Frank J. Jordan, Jr. allied with court staff and the attorneys for Kia Autosport and SunTrust Bank to knowingly and maliciously deprive Plaintiffs of their "Protected Rights" in the proper consideration of their case, and that the other judges of the CJC allowed Judge Jordan to do so.  They claim that a broad conspiracy exists amongst the judges of the CJC, in which the judges engage in ex parte communications with certain litigants allowing them to have cases assigned to particular judges and ultimately prevail in litigation at the expense

of non-conspiring litigants. Finally, Plaintiffs contend that they brought their complaints about the actions of the CJC to the attention of Governor Deal and Attorney General Olens, but both abdicated their responsibilities under the Georgia Constitution by failing to do anything about the injustice committed against Plaintiffs.

Plaintiffs seek millions of dollars in compensatory and punitive damages against all Defendants and also seek declaratory and permanent injunctive relief to remedy the violation of their "Protected Rights."

## DISCUSSION

### I. Pending Motions

Presently pending before the Court are two motions filed by Plaintiffs. First, Plaintiffs move for the second time to have the undersigned and District Judge Clay Land recused from this case. (ECF No. 26.) Plaintiffs' first motion for recusal was denied by Judge Land on September 29, 2014. (ECF No. 19.) The second motion makes further unsubstantiated claims of bias against Plaintiffs based on the same previously rejected arguments. Their only new assertion is that the undersigned and Judge Land are biased based on newly filed recommendations and orders of the Court. However, as Plaintiffs note in their own motion, "as a general rule, a judge's rulings in the same case are not valid grounds for recusal." Pl.'s Second Mot. for Recusal 3, ECF No. 26; *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Therefore, for the same reasons discussed in the Court's September 29, 2014 Order, the undersigned recommends that Plaintiff's motion for recusal be denied.

Second, Plaintiffs move to stay the proceedings in this case pending the Eleventh Circuit's ruling on their Petition for Writ of Mandamus. (ECF No. 27.) Plaintiffs attached a document titled "Petition for Writ of Mandamus" which seeks the writ from the Eleventh Circuit Court of Appeals to require the undersigned and Judge Land to recuse from the case and appoint another judge. The Court has searched the Eleventh Circuit's CM-ECF system to determine if such a petition has been filed, and has found none. Given that no petition has been filed for review by the Eleventh Circuit, a stay of these proceedings pending that review is moot. Plaintiffs' motion is therefore denied.

## II.     Review pursuant to 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (internal quotation marks and citation omitted). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Upon review of the original Complaint in this case, the Court found that Plaintiffs failed to state a claim because the statements that the actions of Defendants violated their rights are not factual allegations but merely legal conclusions. Plaintiffs gave no factual support for their conclusions that some widespread conspiracy was undertaken by all of

4

the judges of the CJC, the court staff, and the attorneys representing Kia Autosport and SunTrust Bank to deprive Plaintiffs of their access to the courts or any of the other supposed Fourteenth Amendment rights. Plaintiffs' Amended Complaint again fails to contain such factual allegations. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

In the Amended Complaint, Plaintiffs have alleged little beyond the allegations contained in their original Complaint. Plaintiffs have added nothing substantive to their allegations. The additional information is further conjecture made by Plaintiffs to explain what they see as the unjust handling of their case. They have alleged no facts to support the broad conspiracy that they claim exists beyond their assumptions and baseless accusations.

Consequently, Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 and the Court does not have supplemental jurisdiction to hear the claims brought alleging state law violations. "Under 28 U.S.C. § 1367(c), a district court has the discretion to decline to exercise supplemental jurisdiction over pending state law claims if the district court has dismissed all federal claims prior to trial." *Bus. Realty Inv. Co. v. Insituform Techs., Inc.*, 564 F. App'x 954, 957 (11th Cir. 2014). The Complaint and Amended Complaint should therefore be dismissed under 28 U.S.C. § 1915(e).

## CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint and Amended Complaint be dismissed for failure to state a claim upon which relief can be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Under 28 U.S.C. § 636(b)(1), Plaintiffs may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

    SO RECOMMENDED, this 4th day of November, 2014.

                                      /s/ Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE