```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

JAMES R. THOMAS, JR. and        *
SABRINA R. THOMAS,
                                *
     Plaintiffs,
                                *
vs.
                                *       CASE NO. 4:14-CV-9-CDL
CHATTAHOOCHEE JUDICIAL CIRCUIT,
et al.,                         *

     Defendants.                *
```

O R D E R

Plaintiffs filed a *pro se* civil action in the Superior Court of Chattahoochee County seeking $90 million in damages against a motor vehicle dealership and a bank based on alleged fraud and illegal activity relating to their purchase and financing of a vehicle. They lost. Rather than pursue their remedies in the state system (or perhaps in addition to those remedies), Plaintiffs filed the present action in this Court against the judges of the Chattahoochee Judicial Circuit, the Chattahoochee County superior court clerk, the Governor of the State of Georgia, Georgia's Attorney General, and the non-governmental parties to the state court action and their attorneys. In this federal action, Plaintiffs allege that the state actors violated their rights when the state judges allegedly failed to use the proper procedures for assigning

their case to a state court judge and that their race played some role in the assignment. They sought to pursue their federal complaint without paying the filing fee. They now seek to appeal this Court's dismissal of their Complaint without having to pay the fees and costs for an appeal.

No citizen of the United States should be denied access to justice because he cannot afford to pay a court filing fee. But as recognized in this Circuit and others, the privilege of using the federal courts for free to right an individual civil wrong should be granted "'sparingly.'" *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (quoting *Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1244 (5th Cir. 1975)). Plaintiffs' present motion to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 36) raises the serious question of whether "sparingly" means excusing payment of a filing fee by civil litigants whose income is two and one-quarter times the federal poverty guidelines, who own their own home and automobile, and who hold several active credit cards, but claim that they cannot manage their monthly household budget to pay their regular expenses plus a court filing fee. Because the Court finds that Plaintiffs' financial condition does not prevent them from paying the court filing fee for an appeal and because their appeal is frivolous, the Court denies their motion to proceed IFP on appeal.

STANDARD FOR PROCEEDING IFP

It is beyond dispute that the courthouse doors should not be shut to persons because of their financial condition. Congress codified this fundamental principle in 28 U.S.C. § 1915. That statute provides, in relevant part, that any court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is *unable to pay such fees* . . . ." 28 U.S.C. § 1915(a)(1) (emphasis added).[1] Congress further mandated that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Consistent with § 1915, Federal Rule of Appellate Procedure 24 requires a party wishing to appeal IFP to file a motion in the district court and attach an affidavit that shows "the party's inability to pay…for fees and costs." Fed. R. App. P. 24(a)(1)(A). Rule 24 further provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . .

---

[1] Section 1915(a)(1) uses the phrase "all assets such *prisoner* possesses," but the statute has been interpreted to apply to all persons seeking to proceed IFP. *Martinez,* 364 F.3d at 1306 n. 1.

3

certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis . . . ." Fed. R. App. P. 24(a)(3)(A).

Plaintiffs filed the affidavit required by Rule 24. But they may not proceed IFP on appeal if the Court certifies that the appeal is not taken in good faith *or* finds that they are otherwise not entitled to proceed IFP. For the reasons explained more fully in the remainder of this Order, the Court certifies that in its best judgment Plaintiffs' appeal cannot be taken in good faith. The Court also finds that the affidavit filed by Plaintiffs pursuant to Rule 24 establishes that they are able to pay the fees and costs for an appeal; therefore, they are not entitled to proceed IFP on appeal for this additional, independent reason.

PROCEDURAL BACKGROUND

Shortly after this action was first filed, the magistrate judge denied Plaintiffs' motion to proceed IFP and required Plaintiffs to pay the $400 filing fee to proceed with their action. Order, Jan. 8, 2014, ECF No. 4. The magistrate judge concluded that the statements in the affidavits Plaintiffs filed in support of their application to proceed IFP did not satisfy the requirements of poverty contemplated by § 1915. The magistrate judge's order noted that Plaintiff James Thomas received over $1,500 in monthly social security disability

4

payments and social security benefits for his daughter. The order further observed that Plaintiff Sabrina Thomas reported monthly income exceeding $1,350. The magistrate judge found that Plaintiffs collectively received an annual income in excess of $35,000. Comparing that income to the Federal Poverty Guidelines establishing an annual income of $19,530 as the income poverty line for a family of three, the magistrate judge reached the reasonable conclusion that Congress did not intend for persons making 180% of the poverty guidelines to be considered indigent for purposes of § 1915. The magistrate judge thus held that "Plaintiffs' application and affidavit fail to show that they are unable to pay the filing fee or support themselves." *Id.* at 3.

Plaintiffs appealed the magistrate judge's denial of their IFP application to the district judge, who affirmed the magistrate judge's denial of the application. Text-Only Order, Jan. 15, 2014. Plaintiffs then filed a motion for leave to appeal that decision IFP. The district judge denied that motion, noting that the Plaintiffs' collective annual gross income exceeds $35,000, which is nearly twice the 2013 Poverty Guidelines for a family of three. Order, Jan. 23, 2014, ECF No. 11. The district judge further observed that although Plaintiffs maintain that their expenses reach or exceed their monthly net income, those expenses include over $13,000 in debt

5

owed on a 2007 Pontiac Torrent that they claim is only worth $3,400. The district judge also noted that Plaintiffs reported owing over $3,200 to Best Buy and $2,100 to Fingerhut. *Id.* at 4. Explaining that proceeding IFP is a privilege that requires an applicant to establish that he is "'unable to pay for the court fees and costs,'" the Court found that Plaintiffs had not made that showing. *Id*. (quoting *Martinez,* 364 F.3d at 1307).

The Court of Appeals nevertheless allowed Plaintiffs to appeal *in forma pauperis* the denial of their IFP application. The Court of Appeals then vacated the District Court's denial of Plaintiff's IFP application, criticizing the magistrate judge for not explicitly stating in his denial order that he had evaluated the Plaintiffs' balance sheet in addition to their income statement. *Thomas v. Chattahoochee Judicial Circuit,* 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam). The Court of Appeals made no mention of the district judge's order affirming the magistrate judge, which did indicate that the district judge considered Plaintiffs' assets and liabilities. The Court of Appeals remanded the action to the District Court for further proceedings consistent with its opinion.

Emboldened by the Court of Appeals's ruling in their favor on their IFP request and with a desire to get rid of the district judge and magistrate judge who had ruled against them, Plaintiffs filed a motion to recuse the magistrate and district

6

judges. They argued that the judges showed "pervasive bias in denying" their IFP request. Mot. for Recusal 6, ECF No. 17. They also maintained that the district judge should recuse because ten years prior to the events giving rise to Plaintiffs' action in this Court, he had practiced as an attorney in the judicial circuit which was the subject of Plaintiffs' claims. Plaintiffs similarly sought recusal of the magistrate judge because he had also practiced in that same judicial circuit prior to the events giving rise to their complaint and had previously served as a municipal court judge for the Municipal Court of Columbus, Georgia, which is located in the same geographic territory as that judicial circuit. The district judge denied that motion in a written order. Order, Sept. 29, 2014, ECF No. 19.

On remand from the Court of Appeals's IFP ruling, the magistrate judge, perhaps a bit gun-shy from the Court of Appeals's admonishment regarding his IFP findings, took the easy, but in retrospect wrong, road and allowed Plaintiffs to proceed IFP. Order, Oct. 2, 2014, ECF No. 20. In that same order, however, the magistrate judge recommended that Plaintiffs' Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they failed to state a claim upon which relief may be granted. *Id.* at 7. The district judge agreed that the Complaint failed to state a claim for relief but

7

noted that after the magistrate judge filed his recommendation, Plaintiffs had filed an "amended supplemental complaint." Order, Oct. 17, 2014, ECF No. 25. Therefore, rather than dismissing the action, the district judge remanded the matter to the magistrate judge to review the amended complaint and provide the Court with a report and recommendation as to whether the amended complaint should be dismissed. *Id.* The magistrate judge found that the amended complaint likewise failed to state a claim and recommended that it be dismissed. Order & Recommendation, Nov. 4, 2014, ECF No. 28. The district judge adopted the magistrate judge's recommendations and dismissed Plaintiffs' Complaint because it failed to state any claim upon which relief may be granted. Order, Nov. 26, 2014, ECF No. 31. Judgment for the Defendants was entered on November 26, 2014. J., Nov. 26, 2014, ECF No. 32. Plaintiffs filed a Notice of Appeal (ECF No. 33) and a motion to proceed i*n forma pauperis* on appeal from this Court's judgment dismissing their Amended Complaint (ECF No. 36).

### DISCUSSION

In the following discussion, the Court first examines whether Plaintiffs' affidavit of indigence supports their contention that they are unable to pay the fees and costs for an appeal and concludes that it does not. The Court next analyzes

8

whether Plaintiffs' appeal can be taken in good faith and finds that it cannot.

## I. Plaintiffs' Financial Condition

In support of their application to appeal IFP, Plaintiffs rely upon affidavits similar to the ones they submitted when they originally filed the action. They report average joint monthly gross income for the last twelve months of $3,725.44, which equates to annual income of $44,705.28. Mot. to Proceed IFP 6, ECF No. 36. They report that they expect "next month's" joint gross income to be $3,591.67, which would extrapolate to annual income of $43,100.04. *Id.* Thus, Plaintiffs now make 225% of the annual poverty guideline for a family of three.[2] Plaintiffs report that they own their own home and a vehicle. They report joint monthly expenses of $3,581.50. *Id.* The affidavit does not indicate whether the substantial portion of their income from social security disability payments is taxed. But even if their monthly expenses exceed their "net monthly income," the Court notes that Plaintiffs have been found sufficiently creditworthy to have obtained a car loan, at least two credit cards, and at least three store credit accounts.

The Court does not dispute that Plaintiffs may struggle financially. But surely, they are not indigent for purposes of

---

[2] The poverty guideline for a family of three is now $19,790. Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593, 3593 (Jan. 22, 2014).

§ 1915 or for purposes of proceeding IFP on appeal under Federal Rule of Appellate Procedure 24(a)(1)(A).  According to their most recent affidavit, they make two and one-quarter times what the federal government has determined is the annual poverty level income for a family of their size.  They own a home and a car.  They have credit cards and other established credit.  They apparently have not found their situation to be so financially distressed that they needed to file for protection under the bankruptcy laws.

The purpose of § 1915 and the Appellate IFP Rules is to make sure that the courthouse door is not closed to persons based on their inability to pay a filing fee.  To find that these Plaintiffs are sufficiently indigent to be excused from paying filing fees would be tantamount to concluding that anyone whose assets do not clearly exceed their liabilities is to be excused from paying filing fees in civil litigation, regardless of the amount of their income and how they manage it.  Although Congress may not have intended for only destitute persons to be able to proceed IFP, Congress did intend for a litigant to be sufficiently impoverished to be afforded the privilege of pursuing civil litigation without paying for it.

According to the federal poverty guidelines for 2014, the poverty line for a family of three is an annual income of $19,790.  The Court does not presently suggest that this figure

10

alone establishes whether someone may proceed IFP.[3]  *See Martinez,* 364 F.3d at 1307-08 (requiring that courts compare assets to liabilities in deciding IFP motions).  But as a starting point, it should carry great weight, particularly when an applicant's income significantly exceeds the guideline.  When an applicant's income is more than two times the poverty guideline and an analysis of his assets and liabilities does not otherwise support his contention that he cannot pay his court fees, it is the Court's duty to deny the request to proceed IFP.  Generosity and compassion may sway the conscience toward a waiver of the filing fee, but it is respectfully submitted that such action would make a mockery of the Eleventh Circuit's direction that "the courts should grant the privilege *sparingly.*"  *Martinez,* 364 F.3d at 1306 (emphasis added).  Finding that Plaintiffs' affidavits on their face clearly establish that Plaintiffs are able to pay the fees and costs of an appeal, the Court denies their motion to proceed IFP on appeal.

## II.  Plaintiffs' Appeal Cannot Be Taken In Good Faith

Even if Plaintiffs could establish that they are sufficiently indigent, they are still not entitled to proceed on appeal IFP because their appeal cannot be taken in good faith.

---

[3] The Court of Appeals concluded that this was the magistrate judge's error when he denied Plaintiffs' application to proceed IFP initially in this action.  *See Thomas,* 574 F. App'x at 917.

As this Court previously found, Plaintiffs fail to state a plausible claim for relief in their Amended Complaint. Accordingly, it must be dismissed. *See Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam) ("[A] district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.") (internal quotation marks omitted).

When reduced to its essence, Plaintiffs' Amended Complaint alleges that their rights were violated when a state court judge, who they contend should not have been assigned to their state court action, prevented them from engaging in meaningful discovery, dismissed many of their claims, and compelled them to arbitrate the remaining ones. Plaintiffs fail to allege why they have no recourse to correct these errors through the state appellate process. Instead, they have opted to make a federal case out of it by alleging in a mere conclusory manner that the state court judges violated the case assignment system in order to deny them their right of access to the courts and because they are black. But Plaintiffs fail to allege any facts supporting their racial discrimination claims, and they likewise fail to allege facts establishing a denial of due process.

12

It is likely that most of the Defendants in this action are entitled to some type of immunity. And a strong argument could certainly be made that it is inappropriate for a federal court to interfere with a state court's case assignment system under the circumstances alleged here. But the Court does not need to reach these issues of immunity or abstention to conclude that Plaintiffs' Amended Complaint must be dismissed. Plaintiffs' Amended Complaint simply does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The factual allegations fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And they certainly do not "raise a reasonable expectation that discovery will reveal evidence of" Plaintiffs' claims. *Id.* at 556. Plaintiffs' Amended Complaint is littered with mere labels and conclusory allegations, none of which are sufficient to state a viable claim for relief.

Plaintiffs may genuinely be disgruntled with how their state court action was handled, and they have recourse there, including an appeal in the state system. Their federal complaint, however, is legally frivolous. Nevertheless, Plaintiffs do have the right to have this Court's dismissal of their Amended Complaint reviewed by the Eleventh Circuit Court

of Appeals.  But that right is not free.  They must pay the same fees and costs that every other American with their income and assets would be expected to pay.  Because their appeal cannot be taken in good faith, they are not entitled to proceed IFP on appeal.

CONCLUSION

The Court certifies that Plaintiffs' appeal cannot be taken in good faith.  The Court further finds that Plaintiffs have not established that they are financially unable to pay the fees and costs for an appeal.  Accordingly, Plaintiffs are not entitled to proceed IFP on appeal.

If Plaintiffs wish to proceed with this appeal, they must pay the entire $505.00 appellate filing fee within fourteen (14) days.  Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED, this 8th day of December, 2014.

S/Clay D. Land
    CLAY D. LAND, CHIEF JUDGE
  UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF GEORGIA